UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------x
CONTINENTAL INSURANCE COMPANY,

                    Plaintiff,

       v.

SECURI ENTERPRISES, INC, SCOTT SANDERS,
MARCIE LYN URY-SANDERS, FRANK COVINO,
TERRY L. YOUNG, SR., KAMARA STEWART,
MAURICE PERDOME, KEVIN BROTHERS,
TASHA RATTRAY, PARIS NIMBHARD,
DEMETRIUSE FINCHER, JUCLA ADAMS,
GREGORY TERRY, JOHN and JANE DOES 1-5,
Fictitious names of persons who conspired to
conceal true nature of Securi Enterprises, Inc.'s
business JOHN DOES 6-10, Fictitious names of
persons who may have claim or claims against
Securi Enterprises, Inc. arising out of motor vehicle
Incidents from April 2, 2008 to January 5, 2009,
JANE DOES 6-10, Fictitious names of persons
who may have claim or claims against Securi
Enterprises, Inc. arising out of motor vehicle
Incidents from April 2, 2008 to January 5, 2009,

                    Defendants.
-------------------------------------------------------------x

CV. ACTION 10-4586 (MLC)

## MEMORANDUM OF LAW OF DEFENDANTS SECURI ENTERPRISES, INC., SCOTT SANDERS AND MARCIE LYN URY-SANDERS IN SUPPORT OF MOTION FOR STAY OF ACTION OR, ALTERNATIVELY, FOR STAY OF DEPOSITIONS

### Preliminary Statement

This memorandum of law is submitted by Defendants Securi Enterprises, Inc. ("Securi"), Scott Sanders ("Mr. Sanders") and Marcie Lyn Ury-Sanders ("Mrs. Sanders") (collectively, "Defendants") in support of their motion for an order (1) staying the above-captioned action pending the outcome of a pending criminal investigation in which Mr.

Sanders is a target, or, alternatively, (2) staying the depositions of Mr. and Mrs. Sanders for six months, with such stay to be revisited at the end of that period.

As discussed below, a stay of the action should be imposed in this case. All the elements favoring a stay are present: (a) there is a close similarity of issues between this case and the pending criminal investigation; (b) the criminal investigation is at a late stage, resolution is likely within the next few months, and Mr. Sanders has been named as a target, which means the criminal prosecutors intend to indict him; (c) the prejudice to Defendants in Mr. and Mrs. Sanders being forced to choose between testifying (and thereby surrendering their Fifth Amendment privilege against self-incrimination) and asserting the rights and being burdened with an adverse inference, outweighs the effects of the delay of this action on Plaintiff Continental Insurance Company ("Continental"); (d) the burden on the Court will be diminished by staying the action; and (e) the public interest would be better served by staying this case so that the criminal investigation may proceed to conclusion unimpeded. Accordingly, a stay of the action pending the outcome of the criminal investigation should be granted. In the alternative and for the same reasons, the Court should stay the depositions of Mr. and Mrs. Sanders for six months, at the end of which period the stay should be re-evaluated depending on the status of the criminal proceedings.

## STATEMENT OF FACTS

A.   **The Allegations in the Complaint**

The Complaint in this case, dated August 25, 2009 (the "Complaint") (a copy of which is attached to the accompanying affidavit of Jeffrey C. Hoffman ("Hoffman Aff.") as Exhibit F), alleges, in general terms, that Defendants perpetrated a fraud against

Continental by submitting an application for automobile liability insurance for Securi-registered vehicles that contained false information about Securi's business, geographical location, area of operation and number of vehicles, upon which Continental relied in first issuing the policy and then renewing it (Complaint, Hoffman Aff., Ex. F at ¶¶ 23-35). Thereafter, after receiving numerous claims from persons involved in accidents with Securi-registered vehicles, Continental allegedly learned that Defendants had made material misrepresentations that had caused Continental to be liable to these claimants and others unknown (*id.* at ¶¶ 36-48).

B. **The Criminal Investigation**

On March 24, 2009, the United States Attorney's Office for the Southern District of New York issued nineteen grand jury subpoenas addressed to various entities (Hoffman Aff. at ¶ 2 and Ex. A). Mr. Sanders retained Hoffman & Pollok LLP ("H&P") to represent him by, among other things, monitoring the status of the investigation encompassed by the subpoenas (*id.*). The subpoenas each had riders that requested production of documents concerning a number of entities, including Securi (*id.*, Ex. B). Additional material was subpoenaed in riders served in June 2009 (*id.*, Ex. C) and September 2009 (*id.*, Ex. D). The subpoena attachments and riders also seek the production of documents concerning issuance of insurance, Taxi and Limousine Commission applications, and Mr. and Mrs. Sanders, among others (*id.*, Exs. C, D, F).

Over the course of time, H&P partner Jeffrey C. Hoffman ("Mr. Hoffman") met with the Assistant United States Attorneys heading the investigation (*id.* at ¶ 3). In the course of those meetings, Mr. Hoffman learned that the criminal investigation is a mail and wire-fraud investigation concerning Mr. Sanders and activities he was allegedly

involved in related to owning and insuring vehicles in the livery industry (*id.*). When Mr. Hoffman met the new prosecutors who were handling the investigation on January 15, 2010, he learned that Mr. Sanders is a target of the criminal investigation (*id.*).

On October 25, 2010, the prosecutor caused a subpoena to be issued to an accountant who prepares the tax returns of Mr. and Mrs. Sanders, as well as a limited number of entities in which they have an interest (*id.* at ¶ 4, Ex. E). The issuance of this subpoena signaled that the investigation was entering its culminating stage in that a target and its related service providers who possess personal financial information are typically subpoenaed later in the investigative process so as to attempt to avoid notice to the targets (*id.*).

## ARGUMENT

### I. THE COURT SHOULD STAY THIS ACTION PENDING THE OUTCOME OF THE CRIMINAL INVESTIGATION

"A court has discretion to stay a case if the interests of justice require it." *Walsh Secs., Inc. v. Cristo Prop. Mgt., Ltd.*, 7 F. Supp.2d 523, 526 (D.N.J. 1998), citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Courts considering an application for a stay of a civil action pending the determination of a criminal proceeding consider the following six factors:

> 1) [T]he extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Walsh*, 7 F. Supp.2d at 527. *Accord, Tucker v. N.Y. Police Dept.*, Civ. Action No. 08-2156, 2010 WL 703189, at *6 (D.N.J. Feb. 23, 2010); *Kress v. City of Ventnor*, Civil

Action No. 08-1873, 2009 WL 750103, at *2 (D.N.J. Mar. 18, 2009); *Warner v. Kozub*, Civil Action No. 05-2871, 2007 WL 162766, at *2 (D.N.J. Jan. 18, 2007); *Forman v. Otlowski (In re NJ Affordable Homes Corp)*, Adv. No. 06-02115, 2007 WL 869577, at *5 (Bankr. D.N.J. Mar. 19, 2007). All these factors, taken together, favor staying this action pending the outcome of the criminal proceedings.

### A. Overlap of Issues in Civil and Criminal Cases

This factor -- which has been described as the most important issue in determining whether to grant a stay (*Walsh*, 7 F. Supp.2d at 527, quoting Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)) -- favors a stay here. As discussed above, the criminal investigation is inquiring into the activities of Mr. and Mrs. Sanders, and of Securi. Twenty grand jury subpoenas have been issued to various recipients, including Mr. Sanders' accountant, each seeking information concerning Securi, Mr. and Mrs. Sanders, the issuance of insurance, and the Taxi and Limousine Commission (*see* Hoffman Aff., Exs. A, B, C, D, F). The Complaint deals with an alleged fraudulent scheme involving obtaining insurance coverage for automobiles registered by Securi, which were used as taxis and/or private limousines for hire, and in which Mr. and Mrs. Sanders allegedly participated (*see id.*, Ex. E at ¶¶ 23-48). Thus, a stay is warranted on the basis of this factor.

### B. Status of Case

This factor also favors a stay here. Although most cases where stays are granted involve situations where an indictment has been returned (*see, e.g., Tucker*, 2010 WL 703189, at *7; *Warner*, 2007 WL 162766, at *2), the *Walsh* court stated that "each case must be evaluated individually. [Citation omitted.] It is 'still possible' to obtain a stay,

even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation." 7 F. Supp.2d at 527 (citing *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 38 (S.D.N.Y. 1993); quoting *Parallel Proceedings*, 129 F.R.D. at 204).

*Walsh* itself -- described as "the seminal case on this issue in the District of New Jersey," *Forman*, 2007 WL 869577, at *5 -- illustrates a situation where a stay was granted even though no indictment had yet been returned. The civil complaint in that case alleged that the defendants had perpetrated a broad fraudulent scheme involving mortgage loans. At the time the civil action was brought, the U.S. Attorney in New Jersey was investigating that scheme and, although no indictments had yet been handed down, the Government had executed search warrants and issued subpoenas to several defendants. In addition, the defendants had been notified that they were targets of the criminal investigation. In light of that, the *Walsh* court found that the individual defendants were likely to feel compelled to assert their Fifth Amendment privilege against self-incrimination at their depositions and in response to interrogatories; the court also found that the status of the criminal investigation would likely lead to complications in the civil case relating to discovery of other fact witnesses, some of whom might be potential Government witnesses. As a consequence, the court held that the second factor warranted a stay even in the absence of an indictment. 7 F. Supp.2d at 527-28.

The facts before this Court are very similar to those in *Walsh*. Here, although no indictments have been issued yet, the U.S. Attorney in the Southern District of New York is actively investigating Defendants in connection with the matters alleged in the Complaint, having issued nineteen grand jury subpoenas concerning Securi, Mr. and Mrs.

Sanders, the obtaining of insurance and the Taxi and Limousine Commission, among other things. Mr. Hoffman has been notified that Mr. Sanders is a target of the criminal investigation. Most significantly, the prosecutor has issued a grand jury subpoena to Mr. and Mrs. Sanders' accountant, which signals that the investigation is reaching a terminal phase that will likely result in the issuance of indictments against Mr. Sanders and possibly others involved in this case. As a consequence, Mr. and Mrs. Sanders will almost certainly assert their Fifth Amendment privilege against self-incrimination (Hoffman Aff. at ¶ 5). There is also at least the possibility that other witnesses from whom discovery would be sought, such as former employees of Securi and possibly other entities in which Mr. Sanders has an interest, would be potential Government witnesses, thus complicating if not preventing discovery from them. Therefore, rather than try to unravel that Gordian Knot, this action should be stayed until the criminal proceeding is completed, at which point all these issues will be simplified.

### C. Plaintiff's Interest in Proceeding Immediately Versus Prejudice to Plaintiff

This factor also favors a stay. This action is at a relatively early stage. Before the transfer to this Court, there was some document discovery, with more to be requested, and initial interrogatories were served and answered (Mr. Sanders asserted his Fifth Amendment privilege in response to certain interrogatories). No depositions have yet been taken. Although Continental might protest that it will be prejudiced by the delay of this case, the *Walsh* court, faced with similar protests, stated:

> A stay could push back the resolution of the civil case by several months or even years. Delays in civil cases are fairly common, however. Walsh has asserted no injury that is particularly unique. Walsh's financial losses are undoubtedly continuing, as with any plaintiff during the

> pendency of a lawsuit. However, Walsh is protected from monetary harm by the delay by its ability to obtain interest as part of its ultimate judgment.

7 F. Supp.2d at 528.

Here, Continental will not suffer undue prejudice as a result of the delay and there are no unique factors weighing in favor of expedited resolution of this case.[1] Thus, a stay is warranted on this basis as well.

### D. Private Interests of and Burden on Defendants

In contrast with the minimal prejudice to Continental that might result from a stay, the prejudice to Defendants from the denial of a stay are likely to be significant. At the outset, Both Mr. and Mrs. Sanders are almost certain to assert their Fifth Amendment privilege against self-incrimination in their depositions. Continental will just as likely ask for an adverse inference against them as to the questions with respect to which they assert the privilege. As the *Walsh* court observed,

> [a]lthough the Supreme Court has held that it is not unconstitutional to force a defendant into this choice [between asserting the privilege and risking an adverse inference or waiving the privilege] [citation omitted], a court may nevertheless exercise its discretion to stay the civil case in the interests of justice."

7 F. Supp.2d at 528 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318-19, 96 S. Ct. 1551 (1976)). Moreover, the Government in the criminal proceeding will almost certainly seek access to the discovery materials produced in this case, thereby further arming the Government against Mr. and Mrs. Sanders. This also will prejudice Defendants, by

---

[1] In fact, there has already been delay of the resolution of this case that can be laid directly at Continental's feet. Continental initially brought this case in the Eastern District of New York, despite the lack of a basis for venue in that court. It took over 10 months for that issue to be resolved with the transfer to this Court.

making even more uneven the playing field as between them and the Government. Accordingly, this case should be stayed on this basis.

### E. Interests of the Court

This factor, too, tips the scale in favor of a stay. As the *Walsh* court observed, "[t]he Court also has an interest in judicial efficiency in terms of managing its caseload. . . . However, the Court also has an interest in resolving individual cases efficiently." *Id.* at 528. As in *Walsh*, here the need for Mr. and Mrs. Sanders to assert their Fifth Amendment privilege will complicate the supervision of discovery for the Court. By contrast, if the case is stayed until the criminal proceeding is resolved, none of those issues will exist and the remainder of proceedings in this case can go forward unburdened by those privilege issues. Considerations of judicial efficiency thus warrant a stay here.

### F. Public Interest

This final factor also weighs in favor of a stay. No harm will be done to the public interest if this case is stayed. There is no overarching public interest in this case proceeding to completion at this time. As in *Walsh*:

> In fact, a stay in this case would benefit the public interest by allowing the Government to conduct a complete, unimpeded investigation into potential criminal activity. In this case, there is no tangible harm to the public from these alleged frauds that could not be remedied by the criminal investigation.

*Id.* at 529. For the same reasons, a stay should be granted on this basis.

\*   \*   \*

For all the foregoing reasons, the Court should stay this case pending the outcome of the criminal proceedings.

## II. IN THE ALTERNATIVE, THE COURT SHOULD STAY THE DEPOSITIONS OF MR. AND MRS. SANDERS FOR SIX MONTHS

Even if the Court declines to stay the action as a whole, at a minimum it should stay Mr. and Mrs. Sanders' depositions for six months and revisit such stay at the end of that period with an eye to either extending the stay or dissolving it, depending on the facts on the ground at that time. *See SEC v. Schiff*, Civil Action No. 05-4132, 2006 WL 2690266 (D.N.J. Sept. 19, 2006) (after weighing *Walsh* factors, court found that stay of discovery was appropriate). The *Walsh* court also endorsed the concept of a stay to be revisited at the end of a specified time period (*see* 7 F. Supp.2d at 529). A six-month stay of the depositions of Mr. and Mrs. Sanders would temporarily alleviate the concerns about their assertion of the privilege against self-incrimination, although it would not necessarily eliminate the issue. However, the Court could reconsider in six months whether to extend the stay either in time or scope (or both), or vacate it if circumstances at the time warranted.

## CONCLUSION

For all the foregoing reasons, the Court should issue an order either (1) staying this action pending the outcome of the criminal investigation, or, alternatively, (2) staying the depositions of Mr. and Mrs. Sanders for six months, with such stay to be revisited at the end of that period.

Respectfully submitted,

HOFFMAN & POLLOK LLP

By: _____
William A. Rome (9045)
*Attorneys for Defendants Securi Enterprises, Inc., Scott Eric Sanders and Marcy Lyn-Ury Sanders*

260 Madison Avenue, 22nd Floor
New York, New York 10016
Tel: (212) 679-2900
Fax: (212) 679-1844
Email: WAROME@hpplegal.com

and

LAW OFFICES OF RICHARD R. RIO PLLC

By: /s/ Richard R. Rio
Richard R. Rio (2306)
10 Sloan Street
South Orange, New Jersey 07079
Tel: (973) 223-8222
Fax: (973) 821-5289
Email: RRio@richardriolaw.com

Dated: November 11, 2010

*Of Counsel*:

   William A. Rome
   Lisa Rosenthal