UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------x
CONTINENTAL INSURANCE COMPANY,

<div style="margin-left:2em;">Plaintiff,</div>

<div style="margin-left:2em;">v.</div>

SECURI ENTERPRISES, INC, SCOTT SANDERS,
MARCIE LYN URY-SANDERS, FRANK COVINO,
TERRY L. YOUNG, SR., KAMARA STEWART,
MAURICE PERDOME, KEVIN BROTHERS,
TASHA RATTRAY, PARIS NIMBHARD,
DEMETRIUSE FINCHER, JUCLA ADAMS,
GREGORY TERRY, JOHN and JANE DOES 1-5,
Fictitious names of persons who conspired to
conceal true nature of Securi Enterprises, Inc.'s
business JOHN DOES 6-10, Fictitious names of
persons who may have claim or claims against
Securi Enterprises, Inc. arising out of motor vehicle
Incidents from April 2, 2008 to January 5, 2009,
JANE DOES 6-10, Fictitious names of persons
who may have claim or claims against Securi
Enterprises, Inc. arising out of motor vehicle
Incidents from April 2, 2008 to January 5, 2009,

<div style="margin-left:14em;">Defendants.</div>
----------------------------------------------------------------x

CV. ACTION 10-4586 (MLC)

**AFFIDAVIT**

STATE OF NEW YORK   )
                             )   ss.:
COUNTY OF NEW YORK  )

JEFFREY C. HOFFMAN, being duly sworn, deposes and says:

1.       I am an attorney admitted to practice law in the State of New York and a member of Hoffman & Pollok LLP, attorneys for the Defendants Securi Enterprises, Inc. ("Securi"), Scott Sanders and Marcie Lyn-Ury-Sanders (collectively "Defendants") in the above action. I make this affidavit in support of Defendant's motion to stay this action pending the resolution of a criminal investigation as discussed below or, at the minimum, for a stay of depositions of the Defendants for a period of six months.

2.      On March 24, 2009, the United States Attorney's Office for the Southern District of New York issued nineteen subpoenas addressed to various entities, copies of which are collectively attached as Exhibit A.  Mr. Sanders informed me of the subpoenas and retained me and Hoffman & Pollok to represent him, by, among other things, monitoring the status of the investigation encompassed by the subpoenas.  The subpoenas each had riders that requested production of documents concerning a number of entities, including Securi (copies of the subpoena riders are collectively attached as Exhibit B).  Additional material was subpoenaed in riders served in June 2009 and September 2009, copies of which are attached as Exhibits C and D, respectively.

3.      Over the course of time, I have met with the Assistant United States Attorneys heading the investigation.  I have learned that it is a mail and wire fraud investigation concerning Mr. Sanders and activities he was allegedly involved in related to owning and insuring vehicles in the livery industry.  When I met the new prosecutors who were handling the investigation on January 15, 2010, I understood Mr. Sanders to be the target of the investigation.

4.      On October 25, 2010, the prosecutor caused a subpoena to be issued to an accountant who prepares the tax returns of Mr. Sanders and his wife, Marcie Lyn Ury-Sanders, as well as a limited number of entities in which they have an interest (a copy is attached as Exhibit E).  The issuance of this subpoena signaled to me that the investigation was entering its culminating stage in that a target and its related service providers who possess personal financial information are typically subpoenaed later in the investigative process so as to attempt to avoid notice to the targets.  The issuance of this subpoena also heightens my concern as to the advisability of Mr. Sanders or his wife testifying in this action.  While there is no constitutional prohibition against requiring a civil defendant who is under investigation by the criminal

prohibition against requiring a civil defendant who is under investigation by the criminal authorities to choose either to assert his Fifth Amendment rights when deposed in a civil case or to testify and forfeit that constitutional right, courts may exercise their discretion to stay the civil case in the interests of justice, to prevent unnecessary prejudice to the defendants.  That principle applies here.

5.      Specifically, having reviewed the allegations of the complaint in this case dated August 25, 2009 (a copy of which is attached as Exhibit F), those allegations overlap with the criminal investigation.  The claims herein involve the activities of Securi and as referenced above were also the subject of the subpoena to Defendants' accountant.  In addition, there is a strong likelihood, if not a virtual certainty, that Mr. and Mrs. Sanders will be advised to assert the Fifth Amendment to all or a substantial portion of questions posed to them at a deposition.  Such an assertion will necessarily be prejudicial to their defense of this matter.  As set forth in the accompanying memorandum of law, these two factors and the balance of the factors also weigh in favor of granting of a stay.

JEFFREY C. HOFFMAN

Sworn to before me, this
11ᵗʰ day of November, 2010 ·

JOANN DeMARCO
Notary Public, State of New York
No. 31-01DI5007831
Qualified in New York County
Commission Expires February 8, 20__

**EXHIBIT A**

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
Nice & Friendly Transportation
69-20 48th Ave.
Woodside, NY 11377

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:**  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

J. Michael McMahon
CLERK

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO: MacDonald Avenue Auto Enterprises
69-20 48th Ave.
Woodside, NY  11377

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date: April 7, 2009                     Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.**  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 24, 2009

_Lev L. Dassin_ /MAS
LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

_Marcus A. Asner_
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

_J. Michael McMahon_
CLERK

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
Sensational Services Inc.
69-20 48th Ave.
Woodside, NY 11377

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

## SEE ATTACHED RIDER

**N.B.:** Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

J. Michael McMahon
CLERK

Marcus A. Asher
Assistant United States Attorney.
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
Prime Services Enterprises
69-20 48th Ave.
Woodside, NY 11377

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date April 7, 2009          Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney; and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:** Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008. Inspector Feiter may be reached at (212) 330-5238.**

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED March 24, 2009

*[signature]*

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

*[signature]*
*J. Michael McMahon*
CLERK

*[signature]*

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:

Service Pro Enterprises
69-20 48th Ave.
Woodside, NY 11377

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date: April 7, 2009                    Appearance Time: 10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:** Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** **Inspector Feiter may be reached at (212) 330-5238.**

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

Marcus A. Asner
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

J. Michael McMahon
CLERK

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
Regal Palms Inc.
69-20 48th Ave.
Woodside, NY 11377

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney; and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:** Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:March 24, 2009

_LEV L. DASSIN_
*Acting United States Attorney for the*
*Southern District of New York*

J Michael McMahon
**CLERK**

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
Royal Blue Services Inc.
69-20 48th Ave.
Woodside, NY 11377

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date April 7, 2009          Appearance Time: 10:00 a.m.

to testify and give evidence in regard to an alleged violation of:

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

## SEE ATTACHED RIDER

**N.B.:** Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 2?, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

J. Michael McMahon
CLERK

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone: (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
   Prime Services Enterprises Inc.
   1 Cedar Lane
   Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.**:  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

J. Michael McMahon
CLERK

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
    S & M Realty of New York Inc.
    1 Cedar Lane
    Saddle River, NJ


GREETINGS:


WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:


Appearance Date:April 7, 2009               Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:**  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:March 24, 2009

*LEV L. DASSIN*
*Acting United States Attorney for the*
*Southern District of New York*

*J Michael McMahon*
CLERK

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:  Scottmar Realty LLC
1 Cedar Lane
Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date: April 7, 2009          Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:** Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

J Michael McMahon
CLERK

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
MacDonald Ave. Auto Enterprises Inc.
1 Cedar Lane
Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date: April 7, 2009              Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:**  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

J. Michael McMahon
CLERK

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
Sensational Services Inc.
1 Cedar Lane
Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date: April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:**  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

J. Michael McMahon
CLERK

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
    368 New Hempstead Road Corp.
    1 Cedar Lane
    Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend
before the GRAND JURY of the people of the United States for the Southern District of New York, at the
United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan,
City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date: April 7, 2009              Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring
with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.**:  Personal appearance is not required if the requested documents are produced on or
before the return date to **Inspector John Feiter, United States Postal Inspection
Service, P.O. Box 191, Church Street Station, New York, NY 10008.**
**Inspector Feiter may be reached at (212) 330-5238.**

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject
you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 24, 2009

*LEV L. DASSIN*
*Acting United States Attorney for the*
*Southern District of New York*

J. Michael McMahon
CLERK

Marcus A. Asher

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
    Far Better Services Inc.
    1 Cedar Lane
    Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

## SEE ATTACHED RIDER

**N.B.:**  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

J. Michael McMahon
CLERK

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
   Rainbow Management Services Inc.
   1 Cedar Lane
   Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:**  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

J. Michael McMahon
CLERK

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
Fessey Services Inc.
1 Cedar Lane
Saddle River, NJ


GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

## SEE ATTACHED RIDER

**N.B.**:  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

J Michael McMahon
CLERK

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
  Trans Express LLC
  1 Cedar Lane
  Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:**  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

J. Michael McMahon
CLERK

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:
  MacDonald Ave. Realty Inc.
  1 Cedar Lane
  Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend
before the GRAND JURY of the people of the United States for the Southern District of New York, at the
United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan,
City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date: April 7, 2009                    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring
with you and produce at the above time and place the following:

### SEE ATTACHED RIDER

**N.B.:**  Personal appearance is not required if the requested documents are produced on or
before the return date to **Inspector John Feiter, United States Postal Inspection
Service, P.O. Box 191, Church Street Station, New York, NY 10008.**
Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject
you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED: March 24, 2009

LEV L. DASSIN
*Acting United States Attorney for the
Southern District of New York*

J. Michael McMahon
CLERK

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

Telephone:  (212) 637-2483

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:

    Marcie Lynn Ury Sanders Insurance Agency
    1 Cedar Lane
    Saddle River, NJ

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:April 7, 2009          Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

18 USC §1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

## SEE ATTACHED RIDER

**N.B.:**  Personal appearance is not required if the requested documents are produced on or before the return date to **Inspector John Feiter, United States Postal Inspection Service, P.O. Box 191, Church Street Station, New York, NY 10008.** Inspector Feiter may be reached at (212) 330-5238.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:March 24, 2009

_signature_ /MM

LEV L. DASSIN
*Acting United States Attorney for the*
*Southern District of New York*

_signature_

Marcus A. Asner

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

_J. Michael McMahon_
CLERK

Telephone:  (212) 637-2483

**EXHIBIT B**

## RIDER 1

Any and all documents including, but not limited to, insurance policies, insurance binders, insurance cards applications for insurance coverage, quotes for insurance coverage, accident reports, damage claim payments, loss runs, driver records, vehicle registration records, records of payments received, records of payments made, copies of checks and/or money orders and electronic transfers, facsimile transmissions electronic transmissions (emails), correspondence to and from insureds and possible insureds, correspondence to and from providers and brokers reflecting insurance coverage either actual or attempted and cancellation notices for or through the following:

### SEE ATTACHED LIST

## RIDER 2

Any and all documents, including but not limited to, employment records, applications for employment, pay records, records of policies placed or attempted, correspondence, facsimile transmissions, electronic transmissions (emails) relating to insurance policies placed and insurance licenses for all employees including the following:

### SEE ATTACHED LIST

RIDER 3


Any and all records including but not limited to, Post Office box applications, locations and record of payments, CMRA ( commercial mail receiving agency) locations, applications and record of payments, and rental agreements, location and record of payments for other addresses used as insured or attempted insured locations for the following:

SEE ATTACHED LIST

And for the following locations:

SEE ATTACHED LIST

## RIDER 4

Any and all records, including but not limited to, incorporation, DBA (Doing Business As) certificates, taxpayer identification numbers, employer identification numbers, tax filings, Taxi and Limousine Commission applications, filings and licenses, social service contracts, medical/handicapped transportation contracts, base radio applications and licenses, notices of lawsuits brought by insurers for misrepresentation of risk and location and responses to such for the following:

### SEE ATTACHED LIST

# RIDER

28 Pequot Inc.
336 Green Heron Way LLC.
368 New Hempstead Road Corp.
A Plus Limousine Systems Inc.
AAA American Enterprises
AAAAA Management Corp.
AAF II LLC.
Aero Trans Inc.
Aiwa Inc.
All County Transportation Inc.
Alpha Ambulette
Always Available Private Car Service
Am Car Car Rentals
Amenia Motors Inc.
American Rent A Car
Americana Transportation
Apple of Westchester
Arthur Leasing LLC.
Astra Lease
Auto Car Inc.
Avenue J Car Service
Best Rent A Car Inc.
Blue Pointe Service Corp.
Brokks Inc.
CBC Leasing Inc.
Citi Car Private Car Service
CitiCare Ambulette Service
Countywide Transportation Inc.
Crystal Limousine Service
CTS Trans Corp.
D & J Service Inc.
Dazzle Auto Enterprises Inc.

Dean Street Leasing LLC.
Deluxe Transit Inc.
Discount Auto Leasing
Discount Rent A car Inc.
Duke Rent A car
Dutchess School Contracting Corp.
Dutchess Services of New York
Emerald Car Service
Engelwood Services Inc.
Englewood Services Inc.
Far Better Services Inc.
Fessey Services Inc.
Flowerport Enterprises
Flying Star Enterprises
Galaxy
Gilad Realty
Gilordy Enterprises
Grafe Street Service Corp.
J & S Enterprises Inc.
Jerusalem Car & Limousine Service
JFR Inc.
Jo Dan Services of New York
Liberty Limo USA
Louson Transportation
LTS Transport
MacDonald Ave Realty Inc.
MacDonald Avenue Auto Enterprises
Manhattan Leasing LLC.
Martinez One Thirty one Ten Auto
MJSA Inc.
Monroe Auto Transport Inc.
Nice & Friendly Transportation Inc.
Oak Pond Transportation Inc.
PC Unlimited
Phone A Car Transportation Inc.
Pioneer School Service Corp.
Police Cars Unlimited
Premium Limousine Inc.
Prime Services Enterprises Inc.
Prompt Services Inc.

PRT Enterprises Inc.
Q B King Management
Rainbow Management Services Inc.
Recon Motor Sales LLC.
Regal Palms Inc.
Regal Palms Service Corp.
Royal Blue Services Inc.
RPM Enterprises of New York
S & M Realty of New York Inc.
Saferide Transportation Inc.
Scottmar Realty LLC.
Securi Enterprises Inc. - ①
Security Enterprises Inc.
Sensational Services Inc.
Sensible Management Services D/B/A Crystal Limousine Service
Service Pro Enterprises Inc.
Shelby Shanna & Ordan Transportation Corp.
Silver Star Transportation Inc.
Smilee Service Inc.
Speedy Rent A Car
Star Cruiser Transport
Sun Auto
Sunrise Auto Enterprises
Talron Enterprises
TBD Management
TP' S Private Car Service
Transexpress LLC.
Triboro Industries Inc.
Tulio Premium Limousine
Twin D Transportation Inc.
V & V Car Service
Voyager Holding Inc.
Wadsworth Car Service
Westchester Ambulette Service
Willow Boys Inc.
Windsor Leasing Corp.
Windsor Transportation
Worldwide Limos of New York Inc.

## RIDER

Roger Taub
Steven Greene
David Elliott
Jeffrey Coles
Jeff Thompson
Mike McConnell
Adam Sanders
Marcy Lynn Ury Sanders
Scott Sanders

RIDER

990 Cedar Bridge Ave.
Brick, New Jersey  08723

.75A Lake Road
Congers, New York

P.O. Box 95
Amenia, New York 12501

367 Windsor Highway
New Windsor, New York  12553

1830 South Road
Wappinger Falls, New York  12590

4901 Route 22
Amenia, New York  12502

East Broadway
Amenia, New York  12501

48 Broad Street
Red Bank, New Jersey  07701

68 White Street
Red Bank, New Jersey  07701

6-05 Saddle River Road
Fair Lawn, New Jersey  07410

1162 St. Georges Avenue
Avenel, New Jersey

119 Rockland Center
Nanuet, New York

108 Village Square
Somers, New York  10589

700-76 Broadway
Westwood, New Jersey  07675

P.O. Box 317
Pawling, New York  12564

222 Route 9W
Haverstraw, New York  10927

2051 Route 44/55
Modena, New York  12548

250 E. Main Street
Jefferson Valley, New York

212 5th Street
Lakewood, New Jersey  08701

302 Pythian Avenue
Hawthorne, New York  10532


154 Amsterdam Avenue
Hawthorne, New York  10532

**EXHIBIT C**



## FACSIMILE COVER SHEET

U.S. ATTORNEY'S OFFICE- SDNY
ONE ST. ANDREW'S PLAZA
NEW YORK, NY  10007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

From:  AUSA Lisa P. Korologos

Office Phone No.: (212) 637-2406

Fax Number: (212) 637-2620

No. pages (including cover sheet): 3

Date sent: June 24, 2009

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**"FOR OFFICIAL USE ONLY" U.S. ATTORNEY FACSIMILE COMMUNICATION**

The information contained in this facsimile message, and any and all accompanying documents,
constitute "FOR OFFICIAL USE ONLY" information.  This information is the property of the
U.S. Attorney's Office.  If you are not the intended recipient of this information, any disclosure,
copying, distribution, or the taking of any action in reliance on this information is strictly
prohibited.  If you received this information in error, please notify us immediately by telephone
at the above number and destroy the information.        (rev. 9/08)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To: **Diane M. Fischer**

Office Phone No.:

Fax Number: (212) 679-1844

Remarks: **Additional rider for subpoena served on 1 Cedarwood Lane, Saddle River, NJ.
Please contact the AUSA, if there are any questions and/or concerns.**

Any and all documents including, but not limited to, insurance policies, insurance binders, insurance cards applications for insurance coverage, quotes for insurance coverage, accident reports, damage claim payments, loss runs, driver records, vehicle registration records, records of payments received, records of payments made, copies of checks and/or money orders and electronic transfers, facsimile transmissions electronic transmissions (emails), correspondence to and from insureds and possible insureds, correspondence to and from providers and brokers reflecting insurance coverage either actual or attempted and cancellation notices for or through the following:

WINDSOR LEASING CORP.
WINDSOR TRANSPORTATION
WINGNUT SERVICE CORP
RITE-WAY PRIVATE CAR SVCE CORP
FIORE BROS REALTY CORP
MY-WAY LEASING CORP
BRITE WAY LEASING CORP
WINDSOR LEASING
WINDSOR TRANSPORTATION
WINDSOR TRANSPORTATION SERVICE
N& R PRIVATE CAR SERVICE, INC
R& N LEASING CORPORATION
RITEWAY PRIVATE CAR SERVICE CORPORATION
RITEWAY PRIVATE CAR SERVICE INC.
RITEWAY PRIVATE TAXI INC
ALL STAR TRANSIT
ALL STAR TRANSIT INC
23 LEASING CORPORATION
902 PARATRANSIT CORP
902 PARA TRANSIT CORP
ARN PRIVATE LIMOUSINE CORP
BEECHWOOD LEASING
BRITE WAY LEASING
BRONXDALE LEASING & MAINTENANCE CORP
FIORE BROTHERS REALTY CORP.
MAJOR PARA TRANSIT CORPORATOIN
MY-WAY LEASING CORP.
RIGHT AWAY CAR SERVICE CORP.
RITEWAY PRIVATE CAR LEASING CORP

SANTILLIS PRIVATE TAXI INCE
WINDSOR AMBULETTE CORP.
NORTHWEST LEASING CORPORATION
WINS LEASING CORPORATION
WEST LEASING CORPORATION
BRITE-WAY LEASING CORPORATION
RNJ LEASING CORP.
R & J LEASING CORP
R & N LEASING CORP

**EXHIBIT D**

RIDER LIST

28 PEQUOT INC.
336 GREEN HERON WAY LLC.
368 NEW HEMPSTEAD ROAD CORP.
A PLUS LIMOUSINE SYSTEMS INC.
AAA AMERICAN ENTERPRISES
AAAAA MANAGEMENT CORP.
AAF II LLC.
AERO TRANS INC.
AIWA INC.
ALL COUNTY TRANSPORTATION INC.
ALPHA AMBULETTE
ALWAYS AVAILABLE PRIVATE CAR SERVICE
AM CAR CAR RENTALS
AMENIA MOTORS INC.
AMERICAN RENT A CAR
AMERICANA TRANSPORTATION
APPLE OF WESTCHESTER
AREA II
AREA TWO
AREAS TWO
AREAS II
ARTHUR LEASING LLC.
ASTRA LEASE
ASTRALEASE
AUTO CAR INC.
AVENUE J CAR SERVICE
BEST RENT A CAR INC.
BLUE POINTE SERVICE CORP.
BROKKS INC.
CBC LEASING INC.
CITI CAR PRIVATE CAR SERVICE
CITICARE AMBULETTE SERVICE
COUNTYWIDE TRANSPORTATION INC.
CRYSTAL LIMOUSINE SERVICE
CTS TRANS CORP.
D & J SERVICE INC.
DAZZLE AUTO ENTERPRISES INC.
DEAN STREET LEASING LLC.
DELUXE TRANSIT INC.
DISCOUNT AUTO LEASING
DEDICATED SERVICES INC.
DISCOUNT RENT A CAR INC.
DUKE RENT A CAR
DUTCHESS SCHOOL CONTRACTING CORP.
DUTCHESS SERVICES OF NEW YORK
EMERALD CAR SERVICE
ENGELWOOD SERVICES INC.
ENGLEWOOD SERVICES INC.
FAR BETTER SERVICES INC.
FESSEY SERVICES INC.
FLOWERPORT ENTERPRISES

FLYING STAR ENTERPRISES
FORT WADSWORTH CAR SERVICE
GALAXY
GILAD REALTY
GILORDY ENTERPRISES
GINGER BLUE CORP.
GRAFE STREET SERVICE CORP.
J & S ENTERPRISES INC.
JERUSALEM CAR & LIMOUSINE SERVICE
JFR INC.
JO DAN SERVICES OF NEW YORK
LIBERTY LIMO USA
LOUSON TRANSPORTATION
LTS TRANSPORT
MACDONALD AVE REALTY INC.
MACDONALD AVENUE AUTO ENTERPRISES
MANHATTAN LEASING LLC.
MARTINEZ ONE THIRTY ONE TEN AUTO
MJSA INC.
MONROE AUTO TRANSPORT INC.
NICE & FRIENDLY TRANSPORTATION INC.
OAK POND TRANSPORTATION INC.
PC UNLIMITED
PHONE A CAR TRANSPORTATION INC.
PIONEER SCHOOL SERVICE CORP.
POLICE CARS UNLIMITED
PREMIUM LIMOUSINE INC.
PRIME SERVICES ENTERPRISES INC.
PROMPT SERVICES INC.
PRT ENTERPRISES INC.
Q B KING MANAGEMENT
RAINBOW MANAGEMENT SERVICES INC.
RECON MOTOR SALES LLC.
REGAL PALMS INC.
REGAL PALMS SERVICE CORP.
RICHMOND CAR SERVICE
ROYAL BLUE SERVICES INC.
RPM ENTERPRISES OF NEW YORK
S & M REALTY OF NEW YORK INC.
SAFERIDE TRANSPORTATION INC.
SCOTTMAR REALTY LLC.
SECURI ENTERPRISES INC.
SECURITY ENTERPRISES INC.
SENSATIONAL SERVICES INC.
SENSIBLE MANAGEMENT SERVICES D/B/A CRYSTAL LIMOUSINE SERVICE
SERVICE PRO ENTERPRISES INC.
SHELBY SHANNA & ORDAN TRANSPORTATION CORP.
SILVER STAR TRANSPORTATION INC.
S.I.W.R. INC.
SMILEE SERVICE INC.
SPEEDY RENT A CAR
STAR CRUISER TRANSPORT
SUN AUTO
SUNRISE AUTO ENTERPRISES
TALRON ENTERPRISES

TBD MANAGEMENT
TP'S PRIVATE CAR SERVICE
TRANSEXPRESS LLC.
TRIBORO INDUSTRIES INC.
TULIO PREMIUM LIMOUSINE
TWIN D TRANSPORTATION INC.
V & V CAR SERVICE
VOYAGER HOLDING INC.
WADSWORTH CAR SERVICE
WESTCHESTER AMBULETTE SERVICE
WILLOW BOYS INC.
WINDSOR LEASING CORP.
WINDSOR TRANSPORTATION
WINGNUT SERVICE CORPORATION
WORLDWIDE LIMOS OF NEW YORK INC.
WINGNUT
RITE-WAY PRIVATE CAR SVCE CORP
FIORE BROS REALTY CORP
MY-WAY LEASING CORP
BRITE WAY LEASING CORP
WINDSOR LEASING
WINDSOR TRANSPORTATION
WINDSOR TRANSPORTATION SERVICE
N& R PRIVATE CAR SERVICE, INC
R& N LEASING CORPORATION
RITEWAY PRIVATE CAR SERVICE CORPORATION
RITEWAY PRIVATE CAR SERVICE INC.
RITEWAY PRIVATE TAXI INC
ALL STAR TRANSIT
ALL STAR TRANSIT INC
23 LEASING CORPORATION
902 PARATRANSIT CORP
902 PARA TRANSIT CORP
ARN PRIVATE LIMOUSINE CORP
BEECHWOOD LEASING
BRITE WAY LEASING
BRONXDALE LEASING & MAINTENANCE CORP
FIORE BROTHERS REALTY CORP.
MAJOR PARA TRANSIT CORPORATOIN
MY-WAY LEASING CORP.
RIGHT AWAY CAR SERVICE CORP.
RITEWAY PRIVATE CAR LEASING CORP
SANTILLIS PRIVATE TAXI INCE
WINDSOR AMBULETTE CORP.
NORTHWEST LEASING CORPORATION
WINS LEASING CORPORATION
WEST LEASING CORPORATION
BRITE-WAY LEASING CORPORATION
RNJ LEASING CORP.
R & J LEASING CORP
R & N LEASING CORP
TWO FOOLS PAINTING
QT WHOLESALE AUTO DEALERS CO.
UPWARD MOBILITY LIMOUSINE INC.
VEGA TRANSPORT COMPANY

DEDICATED TRANSPORT INC.

DEDICATED TRANSPORT INC.

JUST OURS INC.

COLLEGE POINT RECON CENTER INC DBA RECON MOTORS

MANUEL A ROMERO PC

STAR MEDICAL FILE REVIEW INC.

STONE COLD  INC.

PROF INSURANCE CONSULTANTS INC.

ARISTA INVESTORS CORP

AAA AMERICAN ENTERPRISES INC,/AERO TRANS/ AREA TWO TRANSPORTATON INC

**Diane Fischer**

| | |
|---|---|
| **From:** | Mellusi, Kathryn M [KMMellusi@uspis.gov] |
| **Sent:** | Monday, September 28, 2009 2:45 PM |
| **To:** | Diane Fischer |
| **Cc:** | 'Korologos, Lisa (USANYS)' |
| **Subject:** | Updated Rider |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | car company RIDER 7.doc |

Diane:
Attached is the updated Subpoena Rider.
 Some of the newer entities are listed at the top.

Kathryn

**EXHIBIT E**

Grand Jury Subpoena 0108

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

TO:

**CJO Consulting**
1 Stoneham Court
Brick, NJ 08724

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 500 Pearl Street (North Side), Room 480, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:   November 8, 2010          Appearance Time:   10:00 a.m.

to testify and give evidence in regard to an alleged violation of :

          Title 18, United States Code,  § 1341

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

### See Attached Rider

          Personal Appearance is not required if these documents are made available to the United States Attorney's Office, SDNY, before the date of the subpoena.  Requested material should be sent to Kathryn M. Searles, Postal Inspector, U.S. Postal Inspection Service, New York Division/341 9th Ave., 7th Floor, New York, NY 10199, Office: 212-330-2515, Fax: 212-330-2720, KMSearles@uspis.gov.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:     October 25, 2010

PREET BHARARA
*United States Attorney for the*
*Southern District of New York*

Lee Renzin
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

CLERK

Telephone:     (212) 637-2723

<u>Declaration of Custodian of Records</u>

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _____.
              (name of declarant)

   I am a United States citizen and I am over eighteen years of age.  I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

   I am in receipt of a Grand Jury Subpoena, dated October 25, 2010 and signed by Assistant United States Attorney Lee Renzin, requesting specified records of the business named below. Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena:

   (1)   were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

   (2)   were kept in the course of regularly conducted business activity; and

   (3)    were made by the regularly conducted business activity as a regular practice.

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on _____.
                    (date)


_____
(signature of declarant)

_____
(name and title of declarant)

_____
(name of business)

_____
(business address)

_____

_____


<u>Definitions of terms used above</u>:
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses.  The term, "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

## SUBPOENA RIDER
(Subpoena to CJO Consulting dated October 25, 2010)

Please provide any and all records (digital and/or paper) including any draft documents relating to the transactions of **PRIME SERVICE ENTERPRISES** and any other entity controlled **by Scott Eric Sanders**, **Marcy Ury-Sanders, Dean Sanders**, or **Adam Sanders**, or any work paid for by the same individuals for the period of January 1, 2000 through the present including but not limited to:

- Audit Programs
- Permanent Files
- Workpapers and supporting schedules
- Audit and other Reports
- Management Letters
- Client written representations
- Attorney written representations
- Confirmations
- Reports, workpapers memoranda correspondence and tax returns of prior auditors
- All federal, state, and local tax returns
- Correspondence
- Memoranda
- All agreements and contracts with the client
- Attorney and client letters of pending lawsuits
- Organizational charts
- Internal Control Review Reports
- Analysis of accounts
- Questionnaires and evaluations of internal control
- Any Quickbook or other accounting software files in electronic format

**EXHIBIT F**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CONTINENTAL INSURANCE COMPANY,

                       Plaintiff,

             - against -

SECURI ENTERPRISES, INC, SCOTT SANDERS,
MARCIE LYN URY-SANDERS, FRANK COVINO,
TERRY L. YOUNG, SR., KAMARA STEWART,
MAURICE PERDOME, KEVIN BROTHERS,
TASHA RATTRAY, PARIS NIMBHARD,
DEMETRIUSE FINCHER, JUCLA ADAMS,
GREGORY TERRY, JOHN and JANE DOES 1-5,
Fictitious names of persons who conspired to
conceal true nature of Securi Enterprises, Inc.'s
business JOHN DOES 6-10, Fictitious names of
persons who may have claim or claims against
Securi Enterprises, Inc. arising out of motor vehicle
incidents from April 2, 2008 to January 5, 2009,
JANE DOES 6-10, Fictitious names of persons
who may have claim or claims against Securi
Enterprises, Inc. arising out of motor vehicle
incidents from April 2, 2008 to January 5, 2009,

                      Defendants,

-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 27 2009 ★

BROOKLYN OFFICE

Civil Action No.

19-3731
COMPLAINT

GLASSER, J.

POHORELSKY, M.J.

The plaintiff, Continental Insurance Company ("Continental") by its attorneys,

alleges the following upon personal knowledge and, after due investigation, upon

information and belief as to mattes not within personal knowledge.

## INTRODUCTION

1.      This case involves a fraudulent application for business automobile liability insurance coverage by Securi Enterprises, Inc. ("Securi") and its principal Scott Sanders, to Continental.   As a result of the misrepresentations, Continental unknowingly issued a business automobile policy for coverage of a fleet of automobiles that were allegedly being used for a "computer repair business" in New Jersey, when in fact, Securi was operating the insured vehicles as taxis and limousines in and around Brooklyn, New York.  As a result of Securi's misrepresentations, Continental has been forced to incur substantial damages for claims related to and other expenses arising out of the business automobile policy that it otherwise would not have written.  Continental seeks judgment that the policy be declared void *ab initio* and is rescinded.  Continental further seeks a declaration that its liability limits as to third party claimants whose involvement and damages are shown to be unrelated to the misrepresentations advanced by Securi, are limited to the New Jersey mandated statutory minimums of $15,000 per occurrence and $30,000 in the aggregate.

2.      In addition to the equitable relief being sought by Continental, the actions of defendants Scott Sanders, Marcy Lyn Ury-Sanders, Frank Covino, and/or John and Jane Does 1-5, support a private action under the Racketeer Influenced and Corrupt

2

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as a claim under the laws of the United States has been alleged.

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C.§1332 in that the amount in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between all the parties.

5.     Venue is proper pursuant to 28 U.S.C.§1391(a) in that a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

6.     Plaintiff Continental is an Illinois corporation, with a principal place of business at 333 South Wabash Avenue, Chicago, Illinois.  Continental is authorized to do business in New York and New Jersey and is approved to issue business automobile policies in New Jersey.

7.     Defendant Securi is a New Jersey corporation, organized and incorporated under the laws of the State of New Jersey, with a principal place of business at 990 Cedarbridge Avenue, Unit #87, Suite #110, Brick, New Jersey 08723.  The date of incorporation was January 10, 2007.

3

8.     Defendant Scott Sanders is the sole director and upon information and belief, officer and shareholder of Securi.  Defendant Scott Sanders has an address of 1162 Saint Georges Avenue, Avenel, New Jersey 07001.

9.     Defendant Marcie Lyn Ury-Sanders is a licensed insurance broker with offices at 43 Grafe Street, Staten Island, New York 10309.

10.     Defendant Frank Covino is the manager of Securi with offices at 990 Cedarbridge Avenue, Brick, New Jersey 08723.

11.     Defendant Terry L. Young, Sr., with an address of 527 West 151th Street, Apt. 12, New York, New York 10031, is a third party claimant to the Continental policy issued to Securi.

12.     Defendant Kamara Stewart, with an address of 1309 East 83rd Street, Brooklyn, New York 11236, is a third party claimant to the Continental policy issued to Securi.

13.     Defendant Maurice Perdome, with an address of 1076 76th Street, Brooklyn, New York 11228, is a third party claimant to the Continental policy issued to Securi.

14.     Defendant Kevin Brothers, with an address of 1569 Prospect Place, Apt. 5D, Brooklyn, New York 11201, is a third party claimant to the Continental policy issued to Securi.

4

15.     Defendant Tasha Rattray, with an address of 1569 Prospect Place, Apt. 5B, Brooklyn, New York 11201, is a third party claimant to the Continental policy issued to Securi.

16.     Defendant Paris Nimbhard, with an address of P.O. Box 1102215, Cambria Heights, New York, 11411, is a third party claimant to the Continental policy issued to Securi.

17.     Defendant Demetriuse Fincher, with an address of 79 Archer Road, Rochester, New York, 14624, is a third party claimant to the Continental policy issued to Securi.

18.     Defendant Jucla Adams, with an address of 594 Wyona Street, Brooklyn, New York 11207, is a third party claimant to the Continental policy issued to Securi.

19.     Defendant Gregory Terry, with an address of 772 East 179th Street, Bronx, New York 10460, is a third party claimant to the Continental policy issued to Securi.

20.     Defendants John and Jane Does 1-5 are fictitious names of a person or persons whose identities are currently unknown but who had knowledge of the true nature of Securi Enterprises, Inc. and who conspired to conceal that knowledge from Continental to the detriment of Continental.

21.     Defendants John Does 6-10 are fictitious names of a person or persons whose identities are currently unknown and who may have been involved in incidents

5

with Securi owned vehicles that were insured by Continental at the time of the incident and whose claims have not yet been submitted to Continental for investigation and possible payment.

22.   Defendants Jane Does 6-10 are fictitious names of a person or persons whose identities are currently unknown and who may have been involved in incidents with Securi owned vehicles that were insured by Continental at the time of the incident and whose claims have not yet been submitted to Continental for investigation and possible payment.

## BACKGROUND FACTS

23.   On or about March 29, 2007, Securi, through its agents, servants and/or employees, submitted a commercial insurance application through its insurance broker, Marcie Lyn Ury-Sanders to an insurance agency in New Jersey, Zaloom Associates, Inc.

24.   The purpose of the submittal of the commercial insurance application was to obtain a premium quotation from Continental for the policy year April 2, 2007 to April 2, 2008.

25.   On the commercial insurance application, Securi, through its agents, servants and/or employees, identified the nature of its business as "A computer sales and service company."

6

26.    On the commercial insurance application, Securi, through its agents, servants and/or employees, represented that it was seeking commercial general liability coverage for a corporation whose computer sales totaled $300,000. It also identified one automobile for coverage.

27.    On or about April 2, 2007, Continental issued a business automobile policy, policy number B 2097666721 for the policy year April 2, 2007 to April 2, 2008. The named insured was "Securi Enterprises, Inc." with an address of 990 Cedarbridge Avenue, Brick, New Jersey 08723.

28.    On or about February 27, 2008, Continental issued a Renewal Premium Notice and/or Coverage Notice to Securi. In that Notice, Continental advised Securi that the Notice was based on information that Continental had at that time. Continental advised Securi that if any of the information in the possession of Continental was not correct, Continental should be contacted as the new information may affect the premium or the terms of the renewal policy.

29.    Despite the awareness by Securi's agents, servants and employees that the 2007 application for insurance submitted to Continental contained misrepresentation of material facts, defendants Scott Sanders, Marcie Lyn Ury-Sanders, Frank Covino, and/or John and Jane Does 1-5, did not advise Continental that the information submitted was incorrect, and in fact, upon information and belief, purposefully withheld the true

nature of Securi's business in order to induce Continental to proceed with the renewal of the business automobile policy.

30.    The Continental business automobile policy, B 2097666721, was renewed for the policy year April 2, 2008 to April 2, 2009.

31.    For the policy year April 2, 2008 to April 2, 2009, Securi, through its agents, servants and/or employees, continued to represent to Continental that is was a computer sales and service company with an address of 990 Cedarbridge Avenue, Brick, New Jersey 08723.

32.    The Continental business automobile policy for the year April 2, 2008 to April 2, 2009, provided coverage for six vehicles.   They have been identified as follows:

a)    2003 Ford Sedan with vehicle identification number:
2FAFP71WX3X110633

b)    2003 Ford Sedan with vehicle identification number:
2FAHP71W53X193641

c)    2003 Ford Sedan with vehicle identification number:
2FAFP71W93X131389

d)    2003 Ford Sedan with vehicle identification number:
2FAFP71W23X212377

e)    2001 Ford Sedan with vehicle identification number:
2FAFP71W31X196316

f)    2003 Ford Sedan with vehicle identification number
2FAHP71W63X142598

8

33.    All of the vehicles were registered in New Jersey.

34.    All of the vehicles were represented to be principally garaged in New Jersey.

35.    The Continental business automobile policy for the year April 2, 2008 to April 2, 2009 provided each vehicle with a combined single liability coverage in the amount of $1,000,000, New Jersey personal injury protection at the basic limits and uninsured single limit bodily injury per accident limit of $50,000.

36.    On or about June 24, 2008, defendant Terry L. Young, Sr., while operating his motor vehicle, was involved in an incident with Securi vehicle 2FAFP71W03X144144 at the intersection of Eastern Parkway and Buffalo Avenue, Brooklyn, New York. As a result of the incident, defendant Terry L. Young, Sr. submitted a claim to Continental for alleged property damage.   This incident has been assigned claim number E2474936 by Continental.

37.    On or about August 7, 2008, defendant Kamara Stewart was a passenger in Securi vehicle 2FAFP71W23X212377, which was involved in a motor vehicle incident at the intersection of Rensen Avenue and East 58th Street, Brooklyn, New York.  As a result of the incident, defendant Kamara Stewart submitted a claim to Continental for

alleged bodily injury.  This incident has been assigned claim number E2495551 by Continental.

38.   On or about August 30, 2008, defendant Maurice Perdome while operating his motor vehicle, was involved in an incident with Securi vehicle 2FAHP71W74X141901 at the eastbound entrance to the Brooklyn Bridge on Centre Street, New York, New York.  As a result of the incident, defendant Maurice Perdome submitted a claim to Continental for alleged property damage.  This incident has been assigned claim number E2526590 by Continental.

39.   On or about October 8, 2008, defendant Kevin Brothers was a passenger in Securi vehicle 2FAFP71W93X13189 when it was involved in an incident with another motor vehicle at the intersection of Bushwick Avenue and Halsey Street, Brooklyn, New York.  As a result of the incident, defendant Kevin Brothers submitted a claim to Continental for alleged bodily injury.  This incident has also been assigned claim number E2512637 by Continental.

40.   On or about the same date and in the same incident, defendant Tasha Rattray was a passenger in the same Securi vehicle.  As a result of the incident, defendant Tasha Rattray submitted a claim to Continental for alleged bodily injury. This incident has also been assigned claim number E2512637 by Continental.

41.    On or about October 31, 2008, defendant Paris Nimbhard while operating her motor vehicle, was involved in an incident with Securi vehicle 2FAHP71W53X193641 at the intersection of Avenue D and New York Avenue, Brooklyn, New York. As a result of the incident, defendant Paris Nimbhard submitted a claim to Continental for alleged bodily injury and property damage. This incident has been assigned claim number E2513549 by Continental.

42.    On or about October 10, 2008, defendant Demetriuse Fincher while operating her motor vehicle, was involved in an incident with Securi vehicle 2FAHP71W74X841901 at the intersection of Mother Gaston Boulevard and Dean Street, Adelphia, New York.   As a result of the incident, defendant Demetriuse Fincher submitted a claim to Continental for alleged bodily injury and property damage.  This incident has been assigned claim number E2562408 by Continental.

43.    On or about November 2, 2008, defendant Jucla Adams was a passenger in a motor vehicle when that motor vehicle was involved in an incident with Securi vehicle 2FAFP71W31X196333 at the intersection of Clarendon Road and East 29th Street, Brooklyn, New York.  As a result of the incident, defendant Jucla Adams submitted a claim for alleged bodily injury.  This incident has been assigned claim number E2515693 by Continental.

11

44.    On or about November 15, 2008, defendant Gregory Terry was a passenger in Securi vehicle 2FAFP71W92X159014 when it was involved in an incident with another motor vehicle at the intersection of Eastern Parkway and Bedford Avenue, Brooklyn, New York.  As a result of the incident, defendant Gregory Terry submitted a claim for alleged bodily injury.  This incident has been assigned claim number E2519469 by Continental.

45.    In addition to the claims set forth above, upon information and belief, other incidents may have occurred but the claims for property damage and/or bodily injury have not been reported in full detail to Continental so that it cannot commence a formal investigation as to those incidents.

46.    In or about September 2008 and while investigating the claim for alleged bodily injury by defendant Kamara Stewart, Continental was informed that the Securi vehicle in which Ms. Stewart was a passenger, was being operated as a taxi.

47.    In or about October 2008 and while investigating the claim for alleged bodily injuries by defendants Kevin Brothers and Tasha Rattray, Continental was informed that the Securi vehicle in which Mr. Brothers and Ms. Rattray were passengers, was being operated as a private car for hire.

48.     In or about November 2008, Continental commenced an investigation as to all of the claims presented against the business automobile policy issued to Securi and discovered the following facts:

a)      All of the accidents occurred in or around Brooklyn, New York;

b)      All of the drivers of the Securi vehicles were licensed in New York and had home addresses in New York;

c)      None of the accidents were reported to Continental by Securi;

d)      Securi's principal, Scott Sanders, has refused to cooperate with Continental in its investigation of these accidents;

e)      More than one injured party reported that the Securi vehicle was being operated as either a taxi or limousine;

f)      That the address provided by Securi on the insurance coverage application is the address for a United Parcel Service Mail Drop location wherein individuals and/or companies can rent a mail box and utilize the location address for a fee;

g)      That defendant Scott Sanders has been a defendant in other actions by other insurance carriers wherein it was alleged that he and others conspired to obtain insurance coverage for his business, i.e., a taxi and limousine service operating in and around New York City, by fraudulently   misrepresenting to those other insurance carriers the true nature of his business;

h)      That Marcie Lyn Ury-Sanders, the insurance agent who submitted the insurance coverage application on behalf of Securi, has also been a defendant in other actions by other insurance carriers wherein it is alleged that she the wife of Scott Sanders and she, as she has done here, conspired with defendant Scott Sanders and

13

assisted in the fraudulent submission of information and actively concealed the true nature of Securi's business.

i)   That Scott Sanders, Marcie Lyn Ury-Sanders, Frank Covino, and John and Jane Does 1-5 conspired to misrepresent the true nature of Securi's business in order to obtain coverage for a taxi and limousine operation that would have otherwise been rejected for coverage and to be charged lower premiums based on the risk assessment for a computer sales and service operation.

j)   That Scott Sanders, Marcie Lyn Ury-Sanders, Frank Covino, and John and Jane Does 1-5 utilized the United States mail service to further their "enterprise," that is, a conspiracy to defraud Continental in order to obtain automobile insurance coverage for Securi and that such "enterprise" extended over interstate boundaries.

49.   After a diligent investigation and a careful evaluation of the facts arising from that investigation, on or about December 2, 2008, Continental issued a Notice of Cancellation of the business automobile policy 2097666721 to Securi, with effective cancellation date of January 5, 2009.

50.   The Notice of Cancellation stated that the reason for the cancellation was: "Material misrepresentation or nondisclosure of material fact.  At the policy inception, risk presented as a Computer Repair Service.  Recent discovery has identified risks operations as a livery service.  Liability hazards associated with livery operations do not meet CNA Underwriting Guidelines."

14

51.     The Notice of Cancellation further stated that Securi had the right to file a written complaint with the New Jersey Department of Banking and Insurance to protest Continental's action.

52.     To the best of Continental's knowledge, Securi has not filed a complaint with the New Jersey Department of Banking and Insurance objecting to the cancellation of the business automobile policy.

53.     Continental has issued a refund to Securi for the unearned premium.

54.     Continental has incurred and will incur in the future, damages in the form of payment of benefits for claims made by the third party claimants against the Continental business automobile policy issued to Securi and the retention of defense counsel for Securi until such time the policy is rescinded or declared null and void for purposes of providing defense coverage for Securi on the lawsuits that have been filed.

## COUNT ONE
## FRAUD

55.     Paragraphs 1 through 54 are hereby re-alleged and incorporated as if fully set forth herein.

56.     Defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and/or John and Jane Does 1-5, on behalf of Securi, made material misrepresentations of fact, including but not limited to, those facts set forth above with the knowledge that those

15

facts were untrue, to induce Continental to issue a business automobile liability policy to Securi.

57.     Defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and/or John and Jane Does 1-5, made such material misrepresentations of fact with fraudulent intent.

58.     In reasonable reliance upon such fraudulent misrepresentations, Continental issued a business automobile liability policy to Securi that if the true nature of the risks had been disclosed, Continental would not have issued the policy to Securi.

59.     Accordingly, as a result of Continental's reasonable reliance on the fraudulent misrepresentations of defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and/or John and Jane Does 1-5, Continental has been injured in that it issued the business automobile policy to Securi.

60.     In addition to the wrongful procurement of the business automobile policy, the fraudulent misrepresentations of defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and/or John and Jane Does 1-5, will cause Continental to incur damages related to the payment of claims that have been submitted by third party claimants while the policy was in force.

## COUNT TWO
## VIOLATION OF 18 U.S.C. § 1961, ET SEQ.,
## (RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)

61.    Paragraphs 1 through 60 are hereby re-alleged and incorporated as if fully set forth herein.

62.    Defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and/or John and Jane Does 1-5, committed two or more acts of mail fraud in that:  (1) on or about March 29, 2007, they deliberately and with fraudulent intent, caused the transmission of fraudulent information to Continental on the insurance application in order to induce Continental to underwrite automobile insurance coverage and (2) in or about February 27, 2008, they deliberately and with fraudulent intent, deliberately withheld information from Continental in order to induce Continental to renew the automobile insurance policy for the policy year of April 2, 2008 to April 2, 2009.

63.    Defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and/or John and Jane Does 1-5, directly and indirectly participated in an "enterprise," conspiracy or scheme by incorporating a "dummy" or "shell" business in New Jersey (in this instance a "computer servicing and sales" company), utilizing the New Jersey business address for the purpose of registering the automobiles in New Jersey and obtaining New Jersey automobile insurance coverage.  At all times, these defendants knew that they intended to operate the insured vehicles in New York as livery vehicles

or automobiles for hire by the general public.  Defendants further knew that had

Continental been aware of the true nature of Securi's business, Continental would have

refused to issue the policy or policies at issue.

64.     As a result of the defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank

Covino, and/or John and Jane Does 1-5 activities as set forth above, Continental has

incurred damages and will continue to incur damages.

## COUNT THREE
## BREACH OF CONTRACT

65.     Paragraphs 1 through 64 are hereby re-alleged and incorporated as if fully

set forth herein.

66.     Defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and

John and Jane Does 1-5, on behalf of themselves and Securi, made material

misrepresentations of fact, including but not limited to, those facts set forth above with

the knowledge that those facts were untrue, to induce Continental to issue a business

automobile liability policy to Securi.

67.     The Continental Insurance Company Business Automobile Policy

B2097666721 sets forth the rights and duties of the insured.

68.     Under the terms of the policy, the insured has the duty to promptly report any incidents or claims and to cooperate with Continental in its investigation of those incidents or claims.

69.     Securi's principals, agents, servants or employees have failed to report any of the incidents or claims that may be covered by the Continental policy issued to Securi.

70.     Securi's principals, agents, servants or employees have refused to cooperate with Continental in the investigation of the incidents or claims that were reported to Continental.

71.     As a result of the failure of Securi's principals, agents, servants or employees to report the incidents or claims to Continental and/or to cooperate with Continental in the investigation of the incidents or claims, Securi has breached its contract with Continental.

72.     As a result of such breach of contract by Securi and its principals, agents, servants or employees, Continental has incurred damages and will incur damages in the future.

19

## COUNT FOUR
## RESCISSION

73.     Paragraphs 1 through 72 are hereby re-alleged and incorporated as if fully set forth herein.

74.     Defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and John and Jane Does 1-5, on behalf of themselves and Securi, made material misrepresentations of fact, including but not limited to, those facts set forth above with the knowledge that those facts were untrue, to induce Continental to issue a business automobile liability policy to Securi.

75.     Defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and John and Jane Does 1-5, made such material misrepresentations of fact with fraudulent intent.

76.     In reasonable reliance upon such fraudulent misrepresentations, Continental issued a business automobile liability policy to Securi that if the true nature of the risks had been disclosed, Continental would not have issued the policy to Securi.

77.     Accordingly, as a result of Continental's reasonable reliance on the fraudulent misrepresentations of defendants Scott Sanders and Marci Lyn Ury-Sanders, Continental has been injured in that it issued the business automobile policy to Securi.

Sanders, Frank Covino, and John and Jane Does 1-5, will cause a continued future

damages related to the payment of claims that have been submitted by third party

claimants while the policy was in force.

79.     As a result of the fraudulent misrepresentations of Scott Sanders, Marci

Lyn Ury-Sanders, Frank Covino, and John and Jane Does 1-5, Continental is entitled to

and seeks rescission of the business automobile policy issued to Securi.

<div align="center">

**COUNT FIVE**
**REFORMATION**

</div>

80.     Paragraphs 1 through 79 are hereby re-alleged and incorporated as if fully

set forth herein.

81.     Defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and

John and Jane Does 1-5, on behalf of themselves and Securi, made material

misrepresentations of fact, including but not limited to, those facts set forth above with

the knowledge that those facts were untrue, to induce Continental to issue a business

automobile liability policy..

82.     Accordingly, as a result of Continental's reasonable reliance on the

fraudulent misrepresentations of defendants Scott Sanders, Marci Lyn Ury-Sanders,

<div align="center">

21

</div>

Frank Covino, and John and Jane Does 1-5, Continental issued a business automobile policy to Securi.

83.   Defendants Terry L. Young, Sr., Kamara Stewart, Maurice Perdome, Kevin Brothers, Tasha Rattray, Paris Nimbhard, Demetriuse Fincher, Jucla Adams and Gregory Terry have submitted claims for bodily injury and/or property damage to Continental for incidents involving Securi vehicles that were covered under the Continental business automobile policy that was issued to Securi.

84.   To the best of Continental's knowledge, information and belief, these defendants were not involved in or had knowledge of the fraudulent procurement of the Continental business automobile policy that was provided to Securi.

85.   To the best of Continental's knowledge, information and belief, the claims for bodily injury and/or property damage that have been submitted to Continental by these defendants are *bona fide* claims.

86.   To the extent that the claims for damages by defendants Terry L. Young, Sr., Kamara Stewart, Maurice Perdome, Kevin Brothers, Tasha Rattray, Paris Nimbhard, Demetriuse Fincher, Jucla Adams and Gregory Terry are proved to be directly related to the involvement of Securi's vehicles that were covered during the period of time in which the Continental's business automobile policy was in effect for Securi and further, that these defendants support their claims for damages by admissible evidence,

22

Continental acknowledge that a duty may be owed under the policy to these defendants.

87.     To the extent that Continental may owe a duty to these defendants for the claims submitted by them, Continental seeks a reformation of the policy limits of liability to conform with the mandated statutory minimum requirements as set forth under the laws of the State of New Jersey, N.J.S.A.39:6A-3, which require a minimum liability coverage limit of $15,000 per incident and $30,000 in the aggregate.

## COUNT SIX
## DECLARATORY RELIEF AS TO UNKNOWN CLAIMS

88.     Paragraphs 1 through 87 are hereby re-alleged and incorporated as if fully set forth herein.

89.     Defendants Scott Sanders, Marci Lyn Ury-Sanders, Frank Covino, and John and Jane Does 1-5, on behalf of themselves and Securi, made material misrepresentations of fact, including but not limited to, those facts set forth above with the knowledge that those facts were untrue, to induce Continental to issue a business automobile liability policy to Securi.

90.     Defendants John Does 6-10 and Jane Does 6-10 are fictitious names for person or persons whose identities are presently unknown to Continental and who may

have claims for bodily injury or property damage that arose out of incidents with Securi owned vehicles.

91.   Defendants John Does 6-10 and Jane Does 6-10 are unknown to Continental due to the pattern and practice demonstrated by Securi's principals, agents, servants and employees, whereby they have failed to report incidents or claims to Continental and further, have failed to cooperate in the investigation of those incidents and claims that were reported by other parties.

92.   To the extent that there may be claims for damages by defendants John Does 6-10 or Jane Does 6-10 and those claims are submitted after the resolution of this lawsuit and they are related to the involvement of Securi's vehicles that were covered during the period of time in which the Continental's business automobile policy was in effect for Securi and further, that these defendants support their claims for damages by admissible evidence, Continental acknowledge that a duty may be owed under the policy to these unknown defendants.

93.   To the extent that Continental may owe a duty to these unknown defendants for the claims that may be submitted by them, Continental seeks a reformation of the policy limits of liability to conform with the mandated statutory minimum requirements as set forth under the laws of the State of New Jersey,

N.J.S.A.39:6A-3, which require a minimum liability coverage limit of $15,000 per incident and $30,000 in the aggregate, as to those possible future claims.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Continental Insurance Company, respectfully requests that it may be granted the following relief:

1. Damages for the claims paid or may be paid by Continental Insurance Company that arises out of the fraudulent misrepresentations of Scott Sanders, Marcie Lyn Ury-Sanders, Frank Covino, John and Jane Does 1-5, in the procurement of Continental Insurance Company Business Automobile policy B2097666721 issued to defendant Securi Enterprises, Inc.;

2. Declaratory relief that the Continental Insurance Company Business Automobile policy B2097666721 issued to defendant Securi Enterprises, Inc. is void *ab initio* and is rescinded for the policy period of April 2, 2008 to January 5, 2009 and that Continental Insurance Company is not obliged to provide a defense for Securi Enterprises, Inc. in lawsuits and actions alleging injuries and damages for occurrences arising out of the policy period;

3. Declaratory relief by way of reformation of the Continental Insurance Company Business Automobile policy B2097666721 to reflect the statutory minimum requirements as set forth in N.J.S.A. 39:6A-3 and are applicable to claims submitted by defendants Terry L. Young, Sr., Kamara Stewart, Maurice Perdome, Kevin Brothers, Tasha Rattray, Paris Nimbhard, Demetriuse Fincher; Jucla Adams and Gregory Terry;

4. Declaratory relief that the claims that are unknown but may be submitted in the future by John Does 6-10 and Jane Does 6-10 under the Continental Insurance Company Business Automobile

policy B2097666721 are limited to the statutory minimum requirements as set forth in N.J.S.A. 39:6A-3;

5.    Treble damages pursuant to 18 U.S.C. §1964.

6.    Attorneys' fees and costs; and

7.    For such other relief the Court deems just and equitable.

Dated:    New York, New York
          August 25, 2009

                            Respectfully submitted,
                            Colliau Elenius Murphy Carluccio Keener & Morrow
                            Attorneys for Plaintiff,
                            Continental Insurance Company


                            Dean J. Vigliano (9186)
                            40 Wall Street, 7th Floor
                            New York, New York  10005
                            (212) 440-2746

26